**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jesse Lewis Vernon SCOTT, Defendant-Appellant.**

**No. 71-1778.**

United States Court of Appeals, Ninth Circuit.

March 29, 1972.

Rehearing Denied April 26, 1972.

---

James Penrod, of Penrod, Himelstein, Savinar & Sims, San Francisco, Cal., for defendant-appellant.

Michael L. Morehouse, D. Richard Hammersley, Asst. U. S. Attys., Portland, Or., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and WRIGHT, Circuit Judges.

PER CURIAM:

Scott appeals from his conviction for unlawfully selling narcotic drugs in violation of 26 U.S.C. § 4705(a). Error is claimed in the district court's denial of Scott's motion to suppress narcotic pills that were seized on the date of his arrest.

In April and in May 1970, Narcotics Agent Richardson purchased numorphan pills from Eugene S. Jackman, a barber in Portland. Jackman told Richardson that his source was in the southern part of the United States. Richardson negotiated with Jackman in his barber shop for a third purchase of pills on June 19, 1970. Jackman told him to return later that day because his source from Dallas was in town and had 1000 pills available. Richardson obtained an arrest warrant for Jackman and a warrant to search the barber shop for pills. He returned to the shop accompanied by other federal agents and local police. The officers saw a 1970 Ford with Texas license plates parked in front of the shop. Richardson met Jackman and a man, later identified as Scott, in the shop and was told to wait a few moments. Officers who maintained surveillance over the Ford saw Jackman and Scott enter the Ford and lean toward the center of the vehicle. Both men returned to the shop. Jackman produced a bottle of pills, and Richardson signaled the arrests. State officers executed a warrant for Scott's arrest on an unrelated charge. Jackman was arrested on the federal warrant. Search of Jackman's shop revealed a bottle of pills bearing a label with Scott's name on it. Scott was asked if he would consent to the search of his car. He responded affirmatively and signed a consent form. A bottle containing 524 numorphan tablets was found in the Ford.

At the time of trial, Scott established that he was lawfully in possession of the pills found in the car because he had a valid prescription for them and proof

that he had bought them from a registered pharmacist. His conviction was based on his sale of pills to Jackman; these pills were discovered in the search of Jackman's shop.

■■ Although there is some confusion in the record about which search was being challenged and the basis of justification for both searches, we conclude that the court did not err in admitting the evidence of either search. When the officers searched the car, they had probable cause to believe that the vehicle contained contraband. The search was not invalidated because it later turned out that Scott was legally possessed of the pills found in the car.[1] (Chambers v. Maroney (1970) 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419.) The search of Jackman's shop that yielded the pills was made pursuant to a federal warrant, the validity of which is unquestioned.

The judgment is affirmed.

---

1. The district court did not reach the question of consent and neither do we.